Prob 12B

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

**PETITION TO MODIFY THE CONDITIONS OR TERM OF SUPERVISION
WITH CONSENT OF THE OFFENDER**
(Probation Form 49, Waiver of Hearing, is attached)

| | |
|---|---|
| **Offender Name:** | RAFAEL MORALES |
| **Docket Number:** | 1:02CR05198-01 OWW |
| **Judicial Officer:** | Honorable Oliver W. Wanger<br>United States District Judge<br>Fresno, California |
| **Original Sentence Date:** | January 6, 2003 |
| **Original Offense:** | 18 USC 641, Theft of Government Property |
| **Original Sentence:** | 60 months probation, $100 special assessment, $7,625 in restitution. |
| **Special Conditions:** | 1) Search and seizure; 2) Financial restrictions; 3) Financial access; 4) Shall not dispose of any assets; 5) Participate in mental health treatment; 6) 60 days of home detention; and 4) Participate in a co-payment plan for treatment. |
| **Other Court Action:** | None |
| **Type of Supervision:** | Probation |
| **Supervision Commenced:** | January 6, 2003 |

**PETITIONING THE COURT**

[X]    To modify the conditions of supervision as follows:

1. The offender shall reside at the Comprehensive Sanction Center-Turning Point for a period not to exceed 120 days; said placement shall commence at the direction of the probation officer, pursuant to 18 USC 3563(b)(11). The offender shall pay the cost of confinement as determined by the Bureau of Prisons. Furthermore, the offender shall not discharge from the program unless given permission from the director of the program or the United States Probation Officer.

**NON-COMPLIANCE SUMMARY**

RE:   Morales, Rafael
      Docket Number: 1:02CR05198-01 OWW

### 1.   NEW LAW VIOLATION

On March 26, 2006, the defendant physically assaulted his wife in violation of Penal Code Section 273.5(A), Corporal Injury to a Spouse, in violation of the general condition not to commit another federal, state, or local crime.

### 2.   NEW LAW VIOLATION

On March 26, 2006, the defendant physically restrained his wife from leaving their residence in violation of Penal Code Section 236, False Imprisonment, in violation of the general condition not to commit another federal, state, or local crime.

### 3.   FAILURE TO NOTIFY THE PROBATION OFFICER OF LAW ENFORCEMENT CONTACT

On March 27, 2006, the defendant was questioned and arrested by law enforcement. Furthermore, on June 23, 2005, the defendant was questioned by law enforcement regarding an embezzlement. On each occasion, the defendant failed to notify the probation officer, in violation of the general condition that he notify his probation officer regarding any contact with law enforcement.

### 4.   FAILURE TO PAY RESTITUTION

The defendant has failed to make consistent restitution payments since being placed on supervision, in violation of the general condition requiring him to make monthly payments as instructed by the probation office.


**JUSTIFICATION**

On March 26, 2006, the defendant was involved in a physical altercation with his wife in which he pushed her forcefully, causing her to hit her head on a bed frame. Later in the day, they started to argue again and the defendant pushed his wife, causing her to hit her head on the ground. He also allegedly tied her wrists with a cord from a digital camera and tried to keep her from leaving their residence. The defendant failed to report this incident and subsequent police contact to the Probation Office. He also admitted to violating an Emergency Protective Order, which was issued for protective purposes, and made contact with his wife prior to the order expiring.

As noted above, the defendant has also had other law enforcement contact regarding an embezzlement in June 2005, which he failed to report. Although no charges were filed in this matter, the defendant still had an obligation to notify our office that he had been questioned by law enforcement.

Overall, the defendant seems to be having marital difficulties and even though the conduct listed above has not been proven in court, there seems to be a need to remove him from the community at this time. The defendant has engaged in unpredictable and violent behavior towards his wife and for her protection, it is recommended he be placed into a community corrections center for a period not to exceed 120 days. This officer believes a public law placement at a community corrections center will allow our office the ability to monitor his activities and determine whether or not he needs mental health counseling at this time. Furthermore, the defendant has had employment problems and has not made restitution payments

**RE:    Morales, Rafael
        Docket Number: 1:02CR05198-01 OWW**

on a monthly basis. Placement in Turning Point will also enable him to seek and maintain gainful employment. It should be noted he has acknowledged his willingness to modify his conditions by signing a Waiver of Hearing to Modify Conditions of Supervised Release, which is attached for the Court's review.

Respectfully submitted,

*/s/ Tim Mechem*

**Tim Mechem**
United States Probation Officer
Telephone:  (559) 498-7396

**DATED:**     April 12, 2006
               Fresno, California


**Reviewed by:**     /s/ Bruce A. Vasquez
                    Bruce A. Vasquez
                    Supervising United States Probation Officer

**THE COURT ORDERS:**

**RE:    Morales, Rafael
       Docket Number: 1:02CR05198-01 OWW**

X    **Modification approved as recommended.**

☐    **Modification not approved at this time.  Probation Officer to contact Court.**

☐    **Other:**

| April 12, 2006 | /s/ OLIVER W. WANGER |
|---|---|
| **Date** | **Name of Judicial Officer** |

cc:    United States Probation
       Assistant United States Attorney
       Assistant Federal Defender
       Defendant
       Court File

Rev. 02/2000
PROB12B.MRG